BELDEN v. PESQUERA ET AL.

APPEAL from the District Court of San Juan.

No. 84.—Decided November 9, 1903.

DAMAGES.—COSTS.—A person who resorts to the courts for the sole purpose of making good a more or less questionable right, does not properly cause a damage, the imposition of costs being the only correction applicable in each particular case, when untenable claims are dismissed.

COSTS.—Costs are imposed upon that litigant who looses his case on all points.

EXPOSICIÓN DEL CASO.

En el juicio seguido en el Tribunal de Distrito de San Juan, entre partes, de la una, Doña Cora May Belden de Smith, como demandante, cuya representación y defensa ha llevado ante esta Corte Suprema el Abogado Don Luis Freyre Barbosa, y de la otra, como demandados, Don Mariano Pesquera y Goenaga, representado y dirigido por el Letrado Don Wenceslao Bosch, y Don Herbert E. Smith bajo su propia dirección, sobre tercería de dominio, á cuyo juicio ha sido acumulado el seguido en el mismo Tribunal de San Juan por el propio Don Mariano Pesquera y Goenaga contra el citado Don Hebert E. Smith y Don José Wenar, representados y dirigidos por el Letrado citado, Sr. Smith, sobre rescisión de un contrato, cuyos juicios acumulados penden ante Nos á virtud de recurso de casación por infracción de ley, hoy de apelación, interpuesto por Doña Cora May Belden de Smith y Don Mariano Pesquera y Goenaga contra la sentencia pronunciada por el expresado Tribunal de Distrito, la que literalmente dice así:

"*Sentencia:* En la Ciudad de San Juan de Puerto Rico, á 3 de Octubre de 1902. Vistos estos autos declarativos seguidos entre partes, de la una, Doña Cora May Belden de Smith, vecina de Mayagüez y dedicada á labores de su sexo, dirigida primeramente por el Abogado Don Santiago B. Palmer y luego por Don Luis Freyre Barbosa, como demandante, y de otra, como demandados, Don Mariano Pesquera y Goenaga, vecino de esta Capital y propietario, y Don Herbert E. Smith, vecino de Mayagüez y abogado, dirigido el primero por el Letrado Don Wenceslao Bosch y el segundo por sí propio, sobre tercería de dominio de bienes embargados á este último por el Sr. Pesquera, á cuyos autos se encuentran acumulados los seguidos por el referido Sr. Pesquera contra el citado Sr. Smith y Don José Wenar sobre rescisión de un contrato.

*Resultando:* que Don Mariano Pesquera, en 3 de Febrero último, promovió demanda de rescisión del contrato de venta en 27 de Abril de 1901, otorgada por Don Herbert E. Smith á Don José Wenar, autorizada por el Notario Don Santiago R. Palmer, de una casa y solár que Smith había adquirido en Cataño, Bayamón, de Don Julián José de Ahedo, pidiendo se decrete dicha rescisión por hecha en fraude de acreedores, cancelándose la inscripción de ella en el Registro de la Propiedad con las costas al que se

STATEMENT OF THE CASE.

In the action prosecuted in the District Court of San Juan, by Cora May Belden de Smith, as plaintiff, repre-sented in this Supreme Court by her counsel, Luis Freyre Barbosa, against Mariano Pesquera y Goenaga, defendant, represented by his counsel Wenceslao Bosch, and Herbert E. Smith in his own behalf, in the matter of intervention of ownership, to which action the one prosecuted in the said District Court of San Juan by said Mariano Pesquera y Goenaga, against Herbert E. Smith, aforesaid, and José Wenar, for the rescission of a contract, have been consolidated, said consolidated actions pending before us on appeal in cassation for error of law, now appeal, taken by Clara (*sic*) May Belden de Smith and Mariano Pesquera y Goenaga, from the judgment rendered by aforesaid District Court, which literally reads:

"*Judgment:* In the City of San Juan, Porto Rico, October 3, 1902. In view of this declaratory action prosecuted by Cora May Belden de Smith, a resident of Mayagüez, engaged in the occupations of her sex, first represented by attorney Santiago R. Palmer, and afterwards by Luis Freyre Barbosa, as plaintiff, against Mariano Pesquera y Goenaga, a resident of this city and a property owner, and Herbert E. Smith, a resident of Mayagüez and attorney-at-law, defendants, the former represented by Wenceslao Bosch Esq., and the latter by himself, in the matter of intervention of the ownership of property in the possession of Smith, attached by Pesquera, this suit and the action prosecuted by said Pesquera against the said Smith and José Wenar, for the rescission of a contract having been consolidated. .

On February 3, 1903, Mariano Pesquera brought an action in the District Court of San Juan, for the rescission of a deed of sale executed on April 27, 1901, by Herbert E. Smith, in favor of José Wenar, before Notary Public Santiago R. Palmer, of a house and lot that Smith had acquired in Cataño, Bayamón, from Julián José Ahedo; he prayed that said rescission be decreed, the sale having been made in fraud of creditors, and that the record thereof in the Registry of Property be canceled with costs against the party opposing the same, and that an entry be made in said Registry, showing that the complaint had been filed. The following facts were alleged: A year before this complaint was filed Pesquera applied to this court for a declaration of ownership (dominion title) of certain lands situated in *barrio* "Minillas,"

opusiere, y que se anotara en el referido Registro la interposición de la demanda, sentando como hechos: que ante este Tribunal hace un año siguió Pesquera declaratoria de dominio de unos terrenos situados en el barrio de Minillas, en Santurce, á cuyo expediente se opuso Smith: que en Abril último, próximo á celebrarse el juicio oral de la expresada oposición, para ponerse á cubierto de la condena de costas enagenó por escritura de la fecha antes expresada la casa y solar mencionados que Smith había adquirido hacía tres meses del referido Ahedo: que después de esto Smith contrajo matrimonio con Doña Cora May Belden, compró muebles, trajo coche, instalándose como una persona de desahogada posición: que enterado Smith del fallo desfavorable y desestimado el recurso de casación que interpuso con las costas, no ha pagado á Pesquera las costas de las dos instancias ni á nadie de los que por él efectuaron trabajos en dicho asunto: que la venta de Smith a Wenar fué por mil quinientos dollars de cuya entrega no da fé el Notario y si la satisfizo el comprador antes del otorgamiento: que después de la simulación de esa venta y desconfiando de Wenar, consiguió Smith que aquél hiciera donación á Doña Cora May Belden, esposa de Smith, no sólo del solar y casa de Cataño, sino de todos los muebles, coche y piano, comprados unos y otros, propios de Smith, antes de contraer matrimonio: que la escritura de donación la autorizó también Palmer en 2 de Octubre último y que con tales contratos Smith tiene la condición legal de un *limosnero* por no ser dueño de nada embargable y Pesquera *no tiene forma de reintegrarse de las costas que le debe Smith*: siendo el derecho los artículos 1261, 1274, 1290, 1291, 1294 y 1297 del Código Civil, 39 al 41 y 37 de la Ley Hipotecaria y la regla 47 de la Orden General No. 118.

*Resultando:* que admitida la demanda y anotada en el Registro de la Propiedad, Mr. Herbert E. Smith por sí y en representación de Don José Wenar presentó escrito pidiendo en lo principal que la demanda no debe de ser admitida ni debe contestarla mientras no se celebre la conciliación condenando á la contraria en las costas; y por otrosi contestó se declaren sin lugar todas las pretensiones del actor, absolviendo á los demandados con las costas al demandante negando los hechos de la demanda: que en ella no aparece se haya celebrado contrato en fraude de acreedores; y que una condena de costas no da á la parte el carácter de deudor, siendo el derecho los artículos 609, 1297, 1296 del Código Civil y 1156 de la Ley de Enjuiciamiento Civil.

*Resultando:* que teniendo por contestada la demanda y decretada la suspensión del curso de los autos hasta que se presentara la conciliación, solicitó reposición Pesquera, la que fué declarada con lugar, señalándose día para que las partes comparecieran á presentar las pruebas que creyeran convenientes.

*Resultando:* que en 28 de Diciembre de 1901, Doña Cora May Belden

Santurce, which proceedings Smith contested. In April, 1903, when the hearing in said proceeding was about to be had, Smith, in order to escape the payment of costs, by a deed dated as hereinbefore stated, alienated the aforesaid house and lot which he had acquired from Ahedo three months before. Thereafter Smith contracted marriage with Cora May Belden, purchased furniture, imported a coach, and set himself up as a person in easy circumstances. He was then notified that he had been defeated in his opposition, and the appeal in cassation taken by him having been dismissed with costs, he failed to make payment of the costs of both proceedings to Pesquera, and has not paid any one who worked for him in said cause. The sale by Smith to Wenar was for fifteen hundred dollars, but the Notary did not certify that the delivery thereof was made, nor whether the same had been made by the purchaser prior to the execution of the deed. After the execution of the deed of the aforesaid fictitious sale, Smith mistrusting Wenar, prevailed upon the latter to make a voluntary conveyance to the former's wife, Cora May Belden, not only of the Cataño house and lot, but of all the furniture, coach and piano, some purchased and others owned by Smith before his marriage. The deed of voluntary conveyance was also executed before Notary Public Palmer, on October 2, 1903, and through these operations Smith had attained the legal condition of a pauper, owning nothing upon which an attachment could be levied, and thus Pesquera is unable to recover the costs due him by Smith. As legal authorities plaintiff cited: articles 1261, 1274, 1290, 1291, 1294 and 1297 of the Civil Code, articles 39 to 41 and 37 of the Mortgage Law and Rule 47 of General Order No. 118.

The complaint being admitted and a notice thereof having been entered in the Registry of Property, Herbert E. Smith on his own behalf and as attorney for José Wenar, filed a petition asking that, as to the main issue, the complaint be dismissed and not be answered until the proceedings to avoid litigation had been held, with costs against the plaintiff. He prayed that all the claims of the plaintiff be dismissed and defendant absolved, with costs against plaintiff, and denying the facts alleged in the complaint. He alleged that in said complaint it does not appear that any contract in fraud of creditors was made, and that the imposition of costs against a party does not give him the character of a debtor. He cited as the law to be applied in the case, articles 609, 1297, 1296 of the Civil Code, and 1156 of the Law of Civil Procedure.

The court, upon this answer to the complaint, ordered a suspension of the hearing until the proceedings to avoid litigation were had, whereupon Pesquera moved for a rehearing, which motion was allowed and a day was set for the parties to appear and offer such evidence as they might deem proper.

On December 28, 1901, Cora May Belden de Smith filed a complaint in intervention against Mariano Pesquera and Herbert E. Smith, claiming the

de Smith, acompañando una escritura otorgada en 2 de Octubre de dicho año, ante el Notario Don Santiago R. Palmer, por Don José Wenar á favor de ella, asistida de su esposo Don Hebert E. Smith, en la que expresa que Don Ethelbert David Thomas, vecino de Petersburg, Virginia, le remitió tres mil cincuenta dollars, comisionándole para que con ellos constituyese dote inestimada, comprendiendo en esta dote una finca urbana de que Wenar es dueño con valor de mil quinientos dollars y diversos bienes muebles con valor de mil quinientos cincuenta dollars, siendo la finca una casa de madera techada de zinc, con su solar, radicada en la calle del Tranvía del barrio de Cataño, Bayamón, que la hubo por compra á Don Herbert E. Smith, según escritura de 7 de Abril de dicho año 1901, especificando después los muebles; y con éstos y la finca constituye la dote á favor de la mencionada Doña Cora, trasmitiéndole finca y muebles sin que la dote cause venta á favor del marido, á quien entrega los bienes de la dote como inestimada, confesando Smith haberlos recibido, y Doña Cora que acepta la donación inscribiéndose en el Registro el documento á 5 de Octubre de 1901, formuló demanda de tercería de dominio contra Don Mariano Pesquera y Don Herbert E. Smith reclamando los muebles embargados por el primero al segundo pidiendo se declare son de su propiedad y se condene en daños y perjuicios al que se opusiere.

*Resultando:* que dicha demanda la funda en la escritura mencionada en el Resultando anterior; que en expediente de dominio promovido por Pesquera se opuso Smith cuando era soltero, oposición que se declaró sin lugar condenándolo en costas, practicándose la tasación, aprobándose á sus espaldas durante su ausencia para Mayagüez, al objeto de notificarle por cédula dicha tasación; que en el domicilio de los esposos Smith, en Cataño, se embargaron un piano, dos mecedoras, un velador, un juguetero, un stool, una silla, un biombo, un sofá, una mesa de comedor, una nevera, una estufa, un sideboard, dos butacas, dos sillas y un juguetero de roble, que forman parte de la dote de Doña Cora; siendo el derecho ser bienes dotales los aportados al matrimonio por la mujer, por donación, herencia ó legado con dicho carácter; que los dotales no están sujetos á levantar las cargas del matrimonio, los artículos 1530, 1531, 1533 y 1537 de la Ley de Enjuiciamiento Civil.

*Resultando:* que conferido traslado, contestó Don Mariano Pesquera se declare sin lugar la demanda y rescindido el contrato de donación otorgado por Wenar á favor de Doña Cora May Belden ante el Notario Palmer ordenando se cancele la inscripción de la casa y solar con las costas á la tercerista y con lugar la reconvención que al efecto formula, sentando como hechos: que promovió la declaratoria de dominio de terrenos en Santurce, á la que se opuso Smith, y al celebrarse en Abril de 1901 el juicio oral de ese pleito, presumiendo no salir airoso, resolvió hacerse legalmente insolvente, y,

furniture attached by the former and accompanied by a deed executed in her favor on October 2, 1901, before Notary Public Santiago R. Palmer, by José Wenar, wherein it is stated that Ethelbert Davis Thomas, a resident of Petersburg, Virginia, had remitted to the latter three thousand and fifty dollars, instructing him to constitute an undetermined dower in favor of said Cora, including in said dower a piece of city property owned by Wenar, and valued at one thousand five hundred dollars, said property being a frame house with an iron roof, and the lot upon which it is built, situated on Tranvía Street, in the *barrio* of Cataño, Bayamón, which had been purchased by Wenar from Herbert E. Smith, according to deed of April 7, 1901, the furniture being specified later, the said furniture. and the real estate constituting the dower in favor of the said Cora; such real estate and furniture so transferred as a dower did not effect a sale to her husband, to whom she delivered the property as an undetermined dower, Smith acknowledging the receipt thereof and Cora accepting the gift; this instrument being recorded in the Registry of Property on October 5, 1901.   She prayed that said property be declared to belong to her, and that any one contesting her complaint be adjudged to pay damages.

It is.alleged that said complaint is based upon the deed mentioned in the foregoing finding of fact; that in proceedings instituted by Pesquera for the purpose of securing a declaration of ownership (dominion title) to some property, Smith, when a single man, had made opposition thereto which was overruled with costs against him, the taxation whereof was effected during his absence in Mayagüez, that notice might thus be served upon him by judicial decree; that at the residence of the married couple, in Cataño, an attachment had been levied on a piano, two rocking-chairs, a night table, a bric-a-brac cabinet, a stool, a chair, a screen, a sofa, a dining-table, a refrigerator, a stove, a sideboard, two arm-chairs, two chairs and oak bric-a-brac stand, which form part of the dower of Mrs. Smith; that according to the law a dower consists of property brought by the wife to the marriage by gift, inheritance or legacy, as such dower, that property constituting a dower cannot be levied upon to satisfy matrimonial. debts, and citing articles 1530, 1531, 1533 and 1537 of the Law of Civil Procedure.

Notice of this complaint in intervention having been served upon Pesquera in his answer thereto, he prayed that the same be dismissed; that the contract of donation executed by Wenar in favor of Cora May Belden before Notary Palmer, be rescinded, and the record of the house and lot canceled, with costs against the plaintiff in intervention, and that his cross complaint filed at the same time be sustained.   The following facts were set up, to-wit: That he had instituted proceedings for the purpose of securing a declaration of ownership of certain lands (dominion title) in Santurce, which had been contested by Smith, and the hearing having been had in April, 1901,

poniéndose de acuerdo con Wenar, le vendió la casa de Cataño que había adquirido de Don Julián José de Ahedo que describe la escritura de 27 de Abril del citado año 1901: que después de esa escritura Smith viajó por los Estados Unidos, contrajo matrimonio con la tercerista, comprando un mobiliario: que el pleito de Smith con Pesquera se falló declarando sin lugar la oposición con las costas, declarándose además sin lugar el recurso de casación con las costas, no pagándolas Smith, no siendo cierto se aprobara á espaldas de Smith dicha tasación de costas: que completando la obra de simulación que iniciara y como tenía ya desconfianza de Wenar, obtuvo de éste hiciera una donación inestimada de la casa que Smith le vendiera y de los muebles propios de Smith á favor de su esposa Doña Cora, y así se efectuó por la escitura de 2 de Octubre que acompaña la tercesista: que mediante esos contratos Pesquera *no encuentra forma de reintegrarse de las costas:* que Wenar no ha comprado ni recibido ninguno de esos muebles detallados en la escritura, siendo todo lo consignado en ella incierto y encaminado á perjudicar á Pesquera: que los muebles dados en dote por encargo eran algunos propios de Smith antes de casarse, y otros, recibidos directamente, consignados á él y pagados por él, negando todos los hechos de la demanda inconformes con los expuestos, siendo el derecho los artículos 1261, 1274, 1335, 1290, 1291, 1294 y 1297 del Código Civil.

*Resultando:* que conferido traslado de la reconvención pide la tercerista se declare ésta sin lugar con las costas, alegando como hechos: que la casa no fué vendida en escritura de 27 de Abril de 1901, y Smith no compró muebles de valor; que la Corte de Distrito declaró sin lugar la oposición de Smith, pero éste adquirió de buena fé y con justo título unos terrenos que no aparecen, sosteniendo que la tasación de costas fué aprobada á espaldas de él, siendo falsos los hechos de la contestación sobre simulación, recelo con Wenar, y que éste no recibiera ni comprara los muebles detallados en la escritura, que unos fueron comprados por Smith antes de casarse y otros recibidos y pagados por éste: siendo el derecho el artículo 1290 del Código Civil, no existir el fraude de acreedores, ni estar Smith en la insolvencia que Pesquera supone, ni haber hecho él la donación.

*Resultando:* que abierto á prueba, practicándose las propuestas, y antes de señalarse la celebración del juicio oral, solicitó Pesquera la acumulación del declarativo de rescisión referido al de tercería, la que declarada con lugar se llevó á efecto después de firme y consentida por las partes.

*Resultando:* que de las pruebas de la tercerista consta, además de la escritura mencionada en el cuarto Resultando, haberse adjudicado á Smith por trescientos quince pesos provinciales é intereses una finca rústica en Morovis conteniendo sesenta cuerdas de terreno, la que figura inscrita á su favor en el Registro de la Propiedad de Arecibo, corroborando este extremo por una certificación del Registrador de dicho distrito, agregando que la

foreseeing a defeat, he decided to place himself in a condition of legal insolvency, and through collusion with Wenar, sold to the latter the house in Cataño which he had acquired from Julian José de Ahedo, as described in the deed of April 27, 1901; that after executing said deed he went to the United States, married there the plaintiff in intervention, and purchased furniture; that the suit between Smith and Pesquera was decided, the Court dismissing the opposition with costs, his appeal in cassation from said decision being similarly disposed of, which costs he failed to pay; that it was not true that the taxation of costs had been approved during his absence; that to complete the work of deceit he had begun, and mistrusting Wenar, he induced him to make an unappraised donation of the house Smith had sold him and the furniture belonging to Smith, in favor of the latter's wife, Cora, which was done by deed of October 2, filed by the plaintiff in intervention; that owing to these contracts Pesquera has no means of recovering said costs; that Wenar has not purchased nor received any of the furniture specified in the deed, everything therein stated being false and intended to prejudice Pesquera; that some of the articles of furniture given as a dower, in fulfillment of a commission, had belonged to Smith before his marriage, and others were received directly, consigned to, and paid for by him; all the facts stated in the complaint which do not agree with those above set forth are denied, and as law, articles 1261, 1274, 1335, 1290, 1291, 1294 and 1297 of the Civil Code are cited.

Notice of the cross-complaint having been served upon the plaintiff in intervention, she prayed that the same be dismissed with costs, alleging that the house had not been sold by deed of April 27, 1901, and Smith had not purchased any expensive furniture; that the District Court had overruled Smith's opposition, but the latter had acquired in good faith and by just title some lands which have not been located, and she sustained the charge that the taxation of costs had been approved during Smith's absence, and denied the truth of the facts stated in the answer, as to deceit and Smith's mistrust of Wenar, and the allegation that Wenar had not received nor purchased the furniture mentioned in the deed, some of which it was alleged had been purchased by Smith before his marriage and some received and paid for by him; article 1290 of the Civil Code is cited as the law, and it is alleged that there has been no fraud of creditors, that Smith is not in the state of insolvency imagined by Pesquera, and that he did not make the donation.

The taking of evidence was ordered by the court, and the introduction of such as had been proposed having been proceeded with, and before a day had been set for the oral hearing, Pesquera requested that the aforesaid action for a rescission be consolidated with the one in intervention, which request was granted with the consent of both parties.

From the evidence introduced by the plaintiff in intervention, besides the

inscripción se hallaba vigente en 21 de Abril último, fecha en que se libró: otra certificación del Secretario de este Tribunal de constancias del expediente de dominio promovido por Pesquera al que se opuso Smith, expresando que después de dos suspensiones se señaló el juicio oral en dicho expediente para el 10 de Mayo de 1901, continuando el 12 en que terminó, votándose el 15 la sentencia: que en 14 de Noviembre se dió vista á las partes de la tasación de costas, notificándose á Smith por cédula el 19 en la forma que la ley previene, aprobándose el 26 la tasación que también fué notificada por cédula al referido Smith quien por ese motivo pidió por escrito los autos para evacuar la vista, pretensión que fué declarada sin lugar : copia del escrito de Pesquera pidiendo hacer efectivas dichas costas por apremio, á lo que se accedió en 11 de Diciembre de 1901 : constancia de 29 de Enero de haberse interpuesto la tercería de dominio antes referida: diligencia de embargo en los muebles que existían en la casa de Smith, en Cataño, trabado en 23 de Diciembre de 1901: copia del escrito de Pesquera de 1 de Febrero de 1902, pidiendo ampliación de embargo á la casa situada en Cataño con su solar, á virtud de haberse interpuesto la tercería sobre los muebles embargados á lo que se accedió, sin que aparezca si se trabó ó no el embargo: contestación del Director del Banco Colonial Americano á la comunicación librada por este Tribunal, manifestando que según los libros del Banco los balances á favor de Smith, durante 1901, son: en Abril, cincuenta y cuatro dollars cincuenta y cinco centavos, en Octubre, cuarenta y siete dollars cuarenta y seis centavos, y en Diciembre, once dollars cuarenta y dos centavos: declaración de dos testigos expresando uno fué agente de Smith en 1901, pero ahora no, y en aquel año, al finalizar Septiembre ú Octubre, realizó cobros por más de dos mil dollars, los que se depositaban en el Banco Colonial, no directamente por el testigo, y el otro que Smith se encontraba en 1901 bien de condiciones financieras, que él le entregó varias cantidades, entregándole, en el asunto Guardiola, doscientos dollars.

*Resultando:* que de la prueba de Pesquera consta se agregó la copia simple de la escritura de 27 de Abril de 1901 de venta por Herbert E. Smith á Don José Wenar de la casa de Cataño; tres cartas de Don Julián José de Ahedo, Pettingil & Keedy y J. T. Silva Banking and Commercial Co., no reconocidas, y si bien fueron propuestos como testigos, se renunció á á esa prueba: y dos cartas de Don J. M. López y Don Geo S. Látimer, también no reconocidas, ni presentados como testigos los que las autorizan: certificación librada por el Secretario de este Tribunal conteniendo el escrito de Smith oponiéndose al expediente de dominio promovido por Pesquera de una finca rústica en Santurce : del auto admitiendo las pruebas propuestas por las partes en dicho expediente, providencias de suspensión del juicio oral: por no haber asistido el juez asociado, Sr. Savage, y no poder actuar otro juez para continuar el juicio oral: de la sentencia declarando sin lugar la

deed mentioned in the fourth finding of fact, it appears that a farm in Morovis consisting of seventy *cuerdas* of land, recorded in his favor in the Registry of Property of Arecibo, had been awarded to Smith for three hundred and fifteen provincial *pesos* and interest thereon, which is corroborated by a certificate of the Registrar of said district, and adding that the inscription was in force on April 21 last, when the certificate was issued; another certificate, issued by the clerk of this court was filed, the same being a copy of the record in the proceedings instituted by Pesquera to secure a declaration of ownership (dominion title) which was contested by Smith, wherein it is stated that after two postponements of the hearing in said proceeding, the same was set for May 10, 1901, and continued until the 12th when it was terminated, judgment being rendered on the 15th; that on November 14, the taxation of costs was submitted to the parties, Smith being notified by publication on the 19th, in the manner provided by law, said taxation being approved on the 26th, whereof Smith was likewise duly notified by publication, and for this reason presented a written application in order that he might examine the same and take proper action in the matter, his application being denied; a copy of Pesquera's petition asking that said costs be collected by compulsory proceedings, which was granted on December 11, 1901; a certificate dated January 29, of the institution of the action in intervention of ownership aforesaid; papers in connection with the attachment of the furniture in Smith's house, in Cataño, levied on December 23, 1901; a copy of Pesquera's petition, of February 1, 1902, asking that the attachment be extended to the Cataño house and lot, inasmuch as a complaint in intervention of ownership of the furniture attached had been filed, which was granted, though it does not appear whether the attachment was levied or not; reply of the manager of the American Colonial Bank to the communication from the court, stating that according to the books of the bank, the balances in favor of Smith, during 1901, were: In April, fifty-four dollars and fifty-five cents; in October, forty-seven dollars and forty-six cents, and in December eleven dollars and forty-two cents; the testimony of two witnesses, one declaring that he was Smith's agent in 1901, but is not now, and that in said year, at the end of September or October, he had made collections amounting to over two thousand dollars which were deposited in the Colonial Bank, not directly by the witness, and the other that Smith in 1901 was in a good position financially, that he had paid over to him several amounts, and in the Guardiola matter had delivered to him two hundred dollars.

From the evidence introduced by Pesquera it appears that there was added a simple copy of the deed of sale of the Cataño house, executed by Smith in favor of Wenar, on April 27, 1901, three letters from Julián José de Ahedo, Pettingill & Keedy, and J. T. Silva Banking & Commercial Co.,

demanda de oposición de Smith con las costas, y de la dictada por el Tribunal Supremo declarando no haber lugar al recurso interpuesto por Smith con las costas á éste: tasación de las costas del Supremo, que debe pagar á Pesquera: ciento veinte dollars: tasación de las causadas en el Tribunal de Distrito y debe pagar Smith á Pesquera trescientos setenta y tres dollars setenta y ocho centavos, que con. las del Supremo expresadas forman cuatrocientos noventa y tres dollars setenta y ocho centavos: de la notificación á Smith por cédula dándole vista de la tasación de costas, de la providencia de 26 de Noviembre de 1901 aprobando dicha tasación y notificación por cédula á Smith en 2 de Diciembre de dicho año para notificarle la providencia de 26 mencionada.

*Resultando :* que señalado el día y hora para el juicio oral de estos pleitos acumulados después de las declaraciones de los testigos de la tercerista renunciaron las partes los demás testigos y posiciones por ellas pedidos á su debido tiempo, informando los defensores de las partes lo que estimaron conveniente. Siendo Ponente el Sr. Juez Presidente Don Juan Morera Martínez.

*Considerando :* que fundada la acción rescisoria por Pesquera establecida en no poder de otro modo cobrar de Smith las costas que le debe, es por ello rescindible el contrato de venta á Wenar con arreglo al artículo 1291 número 3 del Código Civil y el de donación por el último otorgada á Doña Cora May Belden de Smith, forzoso le era comprobar que las escrituras mencionadas fueron combinadas entre la tercerista, Wenar y Smith, ó entre estos dos, para que reducido el último á la condición de insolvente quedasen defraudados los derechos que Pesquera perseguía, porque eso y no otra cosa significa el número 3 del artículo 1291 del Código Civil, que no es más que lo dispuesto en la Ley 7, tomo 15, partida 5, como se deduce de las palabras de aquél al decir: "Los celebrados en fraude de acreedores cuando éstos no puedan cobrar de otro modo lo que se les debe".

*Considerando :* que embargados los muebles en la casa que en Cataño habitaba Smith en 23 de Diciembre de 1901 y aprobada la tasación de costas en 26 de Noviembre de dicho año, vendida por Smith la casa á Wenar en 27 de Abril de 1901 y otorgado por éste la donación de dicha casa á nombre de Ethelbert David Smith en 2 de Octubre del mencionado año, comprendiendo además en ella los muebles que menciona, no se ha justificado por medio alguno que dichos muebles fueran del demandado Herbert E. Smith, y menos que ellos y la casa se enagenaban maliciosamente por el deudor, constándole al comprador ese extremo y fin reprobado, en lo que de él adquiría, ni menos que se desprendía de cuantos bienes poseía para solventar el crédito de Pesquera, quedando intencionalmente reducido al estado de insolvencia.

*Considerando :* que en autos sólo consta se solicitó ampliación del embargo

not acknowledged, and although the writers were offered as witnesses, this evidence was waived; and two letters from J. M. López and Geo. S. Latimer, likewise not acknowledged, nor were the persons whose signatures were attached thereto introduced as witnesses; a certificate issued by the clerk of the court containing Smith's writing contesting Pesquera's application for a declaration of ownership (dominion title) to a parcel of land in Santurce; of the order admitting the evidence offered by the parties in said proceedings, order postponing the oral hearing on account of Judge Savage's failure to attend, there being no other judge to continue with the proceedings; of the judgment dismissing Smith's complaint in opposition, with costs, and of the one rendered by the Supreme Court dismissing the appeal taken by Smith and imposing costs upon him; taxation of the costs of the Supreme Court, one hundred and twenty dollars, to be paid to Pesquera; taxation of the costs incurred in the District Court, three hundred and seventy-three dollars and seventy-eight cents, to be paid by Smith to Pesquera, making a total of four hundred and ninety-three dollars and seventy-eight cents; of the writ notifying Smith of the taxation of costs; of the order of November 26, 1901, approving said taxation and of the writ of December 2, same year, notifying Smith of the aforesaid order.

A day having been set for the oral hearing of the consolidated actions, after the witnesses for the plaintiff in intervention had testified, both parties waived the testimony of other witnesses and the interrogatories they had in due time proposed, and their respective counsel made such arguments as they deemed proper. Presiding Judge Juan Morera Martinez prepared the opinion of the court. .

"The action for rescission brought by Pesquera being based upon his inability to recover from Smith in any other manner the costs due him, and therefore the deed of sale executed in favor of Wenar should be rescinded under paragraph 3 of article 1291 of the Civil Code, as also the deed of donation executed by the latter in favor of Cora May Belden de Smith, it was necessary for him to prove that aforesaid deeds were the result of a collusion among the plaintiff in intervention, Wenar and Smith, or between the two last mentioned, for the purpose of reducing Smith to a condition of insolvency, so that Pesquera might be defrauded of the rights he sought to make good; for this, and nothing else, is the meaning of paragraph 3, article 1291, of the Civil Code, which is nothing more than the provision of Law 7, Volume 15, *Partida* 5, as is to be deduced from the words of the former where it says: ''Those executed in fraud of creditors, when the latter cannot recover, in any other manner what is due them.''

The furniture in the Cataño house occupied by Smith was attached on December 23, 1901, and the taxation of costs approved on November 26 of the same year; the house was sold by Smith to Wenar on April 27, 1901

sobre la casa sita en Cataño, con motivo de la interposición de la tercería sobre los muebles embargados, á lo que se accedió, no constando se trabara ni que sobre estos bienes del deudor se intentara embargo alguno posterior ó careciese de ellos.

*Considerando:* que la venta ni la donación pueden titularse contratos gratuitos con respecto á Smith y Wenar por haber en el primero mediado precio y en el segundo expresarse los recibiera del donante, no siendo en tal virtud presumible sean fraudulentos esos contratos ni cabe ocuparse de ellos ya que la parte no sostiene fueran hechos por personas contra las cuales se hubiese pronunciado sentencia condenatoria en cualquier instancia ó expedido mandamiento de embargo de bienes por no poderse justificar.

*Considerando:* que inscrita la donación y por tanto la venta de la casa otorgada por Smith á Wenar que aquélla contiene y no justificándose que al efectuar dicha venta existiera anotación alguna en el Registro, hay que declarar válidos dichos documentos por no haberse comprobado que los adquirentes fueran conocedores del fraude, dado que el artículo 1537, en consonancia con el 608 del Código Civil, sujeta las disposiciones del título 4, libro 4 del mismo Código, á lo que determina la Ley Hipotecaria, y si bien no alcanza al título 2, Capítulo 5, Libro 4, en ciertos casos es preciso la complicidad ó el conocimiento del fraude, lo que según se ha dicho no consta comprobado.

*Considerando:* que por lo expuesto procede declarar con lugar la tercería y sin lugar la rescisión por Pesquera solicitada en su demanda y en la reconvención de la venta de la casa y del contrato de donación, así como los daños y perjuicios que la tercerista solicita, no sólo por no haberlos justificado en su cuantía si que por no haber demostrado el acto generador del mismo y porque como el Tribunal Supremo tiene sentado en repetidas sentencias, no ejecuta propiamente un daño quien se limita á pedir ante los Tribunales la realización de un derecho más ó menos claro, siendo la imposición de costas el único correctivo aplicable en cada caso concreto cuando se desestiman las pretensiones injustificadas.

*Considerando:* que desestimadas á cada parte algunas de sus pretensiones, las costas deben ser sin especial condena.

*Fallamos:* que debemos declarar y declaramos sin lugar la demanda de rescisión de la venta de la casa otorgada por Mr. Herbert E. Smith á Don José Wenar, en 27 de Abril de 1901 formulada por Don Mariano Pesquera, así como la reconvención que igualmente formuló á la demanda de tercería de dominio promovida por Doña Cora May Belden, solicitando se declare rescindida la donación otorgada en 2 de Octubre de dicho año de 1901 por Don José Wenar á nombre de Mr. Ethelbert David Smith de dicha casa y muebles donados: además debemos declarar y declaramos con lugar la demanda de tercería de dominio referente á los muebles embargados por el

and the deed of conveyance of said house as a donation by the latter in the name of Ethelbert David Smith, including furniture mentioned therein, was executed on October 2 of the same year, and it has not been shown by any evidence whatever, that said furniture belonged to the defendant Herbert E. Smith, nor that the same and the house had been maliciously alienated by the debtor, with the knowledge of and in connivance with the purchaser, nor that he thereby had dispossessed himself of all the property he owned with which to satisfy Pesquera's credit and thus willfully reduced himself to a state of insolvency.

From the record it only appears that a request was made that the attachment be extended to the Cataño house, upon the institution of the complaint in intervention of ownership of the furniture attached, which was granted, and it does not appear that said attachment was levied, or that any had subsequently been attempted upon this property of the debtor or that he had none.

Neither the sale nor the donation can be designated as gratuitous contracts with respect to Smith and Wenar, inasmuch as in the former there was a consideration, and in the latter it was stated that the property was received from the donor, for which reason it cannot be presumed that these contracts were fraudulent, and they cannot be considered herein, since the party does not maintain that they were made by persons against whom judgment had been rendered or a writ of attachment issued, which could not be proven.

As the deed of donation was recorded and, therefore, the sale of the house by Smith to Wenar included therein, and it has not been shown that when said sale took place there was any cautionary notice in the Registry, these documents must be held to be valid inasmuch as it has not been proven that the parties acquiring the property were aware of any fraud, since article 1537 in conformity with article 608 of the Civil Code, subjects all the provisions of Title 4, Book IV of said Code, to the provisions of the Mortgage Law, and although it does not extend to Title 2, Chapter 5, Book IV, in certain cases complicity or a knowledge of the fraud is needed, which, as stated before, does not appear to have been proven.

For the reasons above set forth, the complaint in intervention is sustained, and the rescission of the sale of the house and contract of donation, requested by Pesquera in his complaint and in the cross-complaint, is dismissed, as also the damages claimed by the plaintiff in intervention, not only because the amount of the latter has not been proven, but also because the act originating the same has not been shown, and because, as the Supreme Court has held in numerous decisions, a person who resorts to the courts for the sole purpose of making good a more or less questionable right, does not properly cause a damage, the imposition of costs being the only penalty applicable in each particular case, when untenable claims are dismissed.

mencionado Pesquera, álcese el embargo y queden á la libre disposición de su dueña, Doña Cora May Belden, declarando sin lugar la indemnización de daños y perjuicios por ésta reclamados en su demanda, sin especial condena de costas.

Así por esta nuestra sentencia, lo pronunciamos, mandamos y firmamos.— Juan Morera Martínez.—Henry F. Hord.—Juan J. Perea.

*Publicacón:* Leída y publicada fué la anterior sentencia por el Sr. Juez Presidente, Don Juan Morera Martínez, en la audiencia pública de hoy, 3 de Octubre de 1902, certifico, Ramón Falcón ".

*Resultando:* que contra esa sentencia interpuso la representación de Doña Cora May Belden de Smith recurso de casación por infracción de ley, en cuanto por ella se declara no haber lugar á la indemnización de daños y perjuicios y no se condena á Don Mariano Pesquera y Goenaga al pago de todas las costas causadas, habiendo interpuesto también Pesquera y Goenaga igual recurso contra la repetida sentencia; y elevados los autos á esta Corte Suprema, previa comparecencia del Letrado Don Luis Freyre Barbosa en representación de Doña Cora May Belden de Smith y del Abogado Don Herbert E. Smith por su propio derecho y en nombre de Don José Wenar, se tramitó como de casación el recurso interpuesto por Doña Cora May Belden de Smith y se declaró desierto el interpuesto por Don Mariano Pesquera y Goenaga por no haberse presentado á sostenerla dentro del término legal.

*Resultando:* que dado al recurso interpuesto por Doña Cora May Belden de Smith la tramitación correspondiente, por estimarse como de apelación, á virtud de lo dispuesto por la ley votada por la Asamblea Legislativa de esta Isla, aprobada en 12 de Marzo último, que convirtió esta Corte Suprema en Tribunal de Apelación, después de haber evacuado los Letrados Freyre y Smith el trámite de instrucción, hizo lo propio el Letrado Don Wenceslao Bosch por haber comparecido á nombre de Don Mariano Pesquera parr impugnar el recurso interpuesto por Doña Cora May Belden de Smith, señalándose luego día para la vista que tuvo lugar con asistencia de los Letrados Smith y Bosch.

Some of the claims of each of the parties having been dismissed, there should be no special imposition of costs.

We adjudge that we should dismiss and do dismiss the complaint for the rescission of the deed of sale of the house, executed by Herbert E. Smith in favor of José Wenar, on April 27, 1901, instituted by Mariano Pesquera, as also the cross-complaint filed by him to the complaint in intervention prosecuted by Cora May Belden, requesting that the deed of donation executed on October 2, 1901, by José Wenar on behalf of Ethelbert Davis Smith of said house and furniture, be annulled. Furthermore we should sustain and do sustain the complaint in intervention of ownership with reference to the furniture attached by aforesaid Pesquera; the attachment is accordingly ordered to be dissolved, and the owner of said furniture, Cora May Belden, left at liberty to dispose of the same; the damages claimed in the latter's complaint being denied without special imposition of costs.

Thus by this our judgment do we pronounce, command and sign.—Juan Morera Martinez.—Henry F. Hord.—Juan J. Perea.

Publication: The foregoing judgment was read and published by Presiding Judge Juan Morera Martinez, at the public hearing had this third day of October, 1902. Certified by me, Ramón Falcón."

From this judgment counsel for Cora May Belden de Smith took an appeal in cassation for error of law, in so far as her claim for damages is therein dismissed and all the costs are not taxed against Mariano Pesquera y Goenaga, a similar appeal from aforesaid judgment being also taken by the latter. The record of the case having been sent up to this Supreme Court before which Luis Freyre Barbosa, Esq., appeared on behalf of Cora May Belden de Smith and Herbert E. Smith, Esq., on his own behalf and in the name of José Wenar, the appeal taken by Cora May Belden de Smith was proceeded with as an appeal in cassation, while the one taken by Mariano Pesquera y Goenaga, was declared abandoned, he having failed to appear for the purpose of prosecuting the same within the period provided for by law.

In conformity with the Act of the Legislative Assembly, establishing the Supreme Court of Porto Rico as a Court of Appeals, approved March 12, 1903, the appeal in cassation taken by Cora May Belden de Smith was conducted as an appeal. The record in the case was duly submitted for

. Abogado de la apelante: *Sr. Freyre Barbosa:*

Abogados de los apelados: *Sres. Smith* y *Bosch.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, después de exponer los hechos anteriores, emitió la siguiente opinión del Tribunal:

*Aceptando* los fundamentos de hecho de la sentencia apelada.

*Considerando:* que habiendo desistido la representación de Don Mariano Pesquera y Goenaga del recurso interpuesto contra dicha sentencia y limitándose las demás partes á impugnarlo sólo en cuanto declara no haber lugar á la indemnización de daños y perjuicios solicitada por la tercerista, sin especial condenación de costas, á esos extremos debe contraerse la decisión de este Tribunal, dejando subsistentes los demás pronunciamientos del fallo apelado.

*Considerando:* que Doña Cora May Belden de Smith no ha probado ni intentado probar siquiera la existencia de los daños y perjuicios que reclama, y que éstos tampoco pueden estimarse consecuencia forzosa del embargo practicado á instancia de Don Mariano Pesquera y Goenaga en los bienes que aquélla reclama como suyos; por lo que el Tribunal sentenciador ha procedido con arreglo á derecho al estimar improcedente tal indemnización, ajustándose por ello á la doctrina legal sancionada por el Tribunal Supremo de España en varias sentencias anteriores al cese de la soberanía española en esta Isla, entre otras las de 9 de Enero y 3 de Julio de 1897.

*Considerando:* que tampoco procede condenar en las costas á Don Mariano Pesquera y Goenaga, pues contestó la demanda de tercería solicitando se declarara ésta sin lugar, y por tanto al ser desestimada en la parte relativa á la indemnización de daños y perjuicios, es claro que no fueron desestimadas totalmente las pretensiones de Pesquera, y no cabe en su consecuencia aplicarle la regla 93 de la Orden General No. 118, Serie de 1899, invocada por la representación de Doña Cora May Belden de Smith.

their information to attorneys Freyre and Smith and then to Wenceslao Bosch, Esq., who appeared on behalf of Mariano Pesquera for the purpose of contesting the appeal taken by Cora May Belden de Smith, and a day was set for the hearing at which attorneys Smith and Bosch were present.

*Mr. Freyre Barbosa,* for appellant.

*Messrs. Smith* and *Bosch,* for respondents.

MR. JUSTICE HERNÁNDEZ, after making the above statement of facts, delivered the opinion of the court, as follows:

The findings of fact contained in the judgment appealed from are accepted.

Counsel for Mariano Pesquera y Goenaga having withdrawn the latter's appeal from said judgment, and the other parties confining themselves only to opposing the same in so far as the prayer for damages made by the plaintiff in intervention of ownership is therein dismissed without special imposition of costs, the decision of this court should be confined to these particulars, leaving in force all the other points decided in the judgment appealed from.

Inasmuch as Cora May Belden de Smith has not proved, nor even attempted to prove, the existence of the damages claimed by her, nor can these be considered as a necessary consequence of the attachment levied at the request of Mariano Pesquera y Goenaga on property whereof she claims the ownership, in adjudging that such a claim did not lie, the trial court has acted in accordance with the law and the legal doctrine sanctioned by the Supreme Court of Spain in several judgments rendered prior to the discontinuance of Spanish sovereignty in this Island, among others, those of January 9 and July 3, 1897.

Nor could the costs be taxed against Mariano Pesquera y Goenaga, inasmuch as he answered the complaint in intervention of ownership, praying that the same be dismissed, and as this was done, as to the portion thereof referring to the damages, it is evident that he did not lose his case on

*Vistos* los textos legales anteriormente citados.

*Fallamos:* que debemos confirmar y confirmamos la sentencia apelada, en cuanto por ella se declaró no haber lugar á la indemnización de daños y perjuicios reclamada por la tercerista Doña Cora May Belden de Smith, sin especial condena de costas, extremos sobre que ha versado el recurso interpuesto por dicha señora; y dejamos subsistente dicha sentencia respecto á los demás particulares que contiene y que no han sido objeto de recurso alguno por haber desistido Don Mariano Pesquera y Goenaga del que tenía interpuesto, entendiéndose las costas del recurso de la tercerista á cargo de ella y de Don Herbert E. Smith y Don José Wenar, coadyuvantes de su pretensión; y devuélvanse los autos al Tribunal de Distrito de San Juan con la certificación correspondiente.

all points, for which reason section 63 of General Order No. 118, series of 1899, invoked by counsel for Cora May Belden de Smith, is not applicable.

In view of the authorities hereinbefore cited we adjudge that we should affirm and do affirm the judgment appealed from, in so far as it is declared therein that the damages claimed by the plaintiff in intervention, Cora May Belden de Smith, does not lie, without special imposition of costs, these points being included in the appeal taken by said plaintiff; all the other particulars contained in said judgment not having been the object of appeal, since Mariano Pesquera y Goenaga withdrew the one he had taken, remain in force, the costs of the appeal of the plaintiff in intervention being taxed against her, Herbert E. Smith and José Wenar, who were parties to her claim. The record is ordered to be returned to the District Court of San Juan with the proper certificate.

Chief Justice Quiñones and Justices Sulzbacher and Mac-Leary, concurred.

Mr. Justice Figueras did not sit at the hearing of this case.